FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 MAY 27  PM 2: 38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.

HEDAR KHLAF
MANUEL RODRIGUEZ
  a/k/a "Alex Rodriguez"
MOLLIE BASS
DIANE HARRISON
ERICK ESTRADA-LOPEZ
  a/k/a "Erick Estrada"
MICHAEL ROUNSVILLE
BRUCE CHILDS
CHRISTIAN MAGLIANO

| | |
|---|---|
| CASE NO. | 3:15-cr-70-J-34MCR |
| Ct. 1: | 18 U.S.C. §§ 1956(a)(3)(B), 1956(h) and 2 |
| Ct. 2: | 18 U.S.C. §§ 1030(a)(2)(B), 1030(c)(2)(B)(i), 1030(c)(2)(B)(ii), and 2 |
| Ct. 3: | 31 U.S.C. §§ 5324(b)(1) and 5324(d)(2); 18 U.S.C. § 2 |
| Ct. 4: | 31 U.S.C. § 5324(a)(3) |
| Ct. 5: | 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2 |
| Ct. 6: | 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) |
| Forfeiture: | 18 U.S.C. 982(a)(1)<br>18 U.S.C. § 982(a)(2)(B)<br>31 U.S.C. § 5317(c)(1)<br>21 U.S.C. § 853 |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### "STING" MONEY LAUNDERING CONSPIRACY

#### A. Introduction

At all times material to this Indictment, unless otherwise specified:

1.   HEDAR KHLAF co-owned CAPITOL MOTORS LLC, a car dealership located in Jacksonville, Florida.

2. MANUEL RODRIGUEZ worked with HEDAR KHLAF at CAPITOL MOTORS LLC.

3. A federal law enforcement agent acting in an undercover capacity (UCA-1) had multiple dealings with HEDAR KHLAF and MANUEL RODRIGUEZ for the purpose of conducting transactions involving proceeds represented by UCA-1 to be from the sale of MDMA, commonly known as "ecstasy," a Schedule I controlled substance.

4. Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, require any person involved in a trade or business to file a form, known as Form 8300, with the Financial Crimes Enforcement Network (FinCEN), with respect to any cash transaction in which the person receives more than $10,000 in United States currency.

5. Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, require financial institutions conducting a payment, receipt, withdrawal, or transfer of funds exceeding $10,000 to file a Currency Transaction Report (CTR).

6. Title 31, United States Code, Section 5324(a)(3), prohibits a person from structuring, assisting with structuring, attempting to structure, or assisting with the attempt to structure. Pursuant to Title 31, Code of Federal Regulations, Section 1010.100(xx), "a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more

2

financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements," such as a Currency Transaction Report.

### B. Conspiracy

7. Beginning at least in or about May 2012 and continuing until at least on or about January 28, 2013, in Duval County, in the Middle District of Florida and elsewhere,

> HEDAR KHLAF,
> MANUEL RODRIGUEZ,
> a/k/a "Alex Rodriguez",
> MOLLIE BASS,
> DIANE HARRISON,
> ERICK ESTRADA-LOPEZ,
> a/k/a "Erick Estrada",

the defendants herein, did knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions, affecting interstate or foreign commerce, involving property represented to be the proceeds of specified unlawful activity, to wit: distribution of MDMA, commonly known as "ecstasy," a Schedule I controlled substance, in violation of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(C), with the intent to conceal or disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(B).

## C. <u>Manner and Means of the Conspiracy</u>

8. It was part of the conspiracy that members of the conspiracy received United States currency, represented by UCA-1 to be the proceeds of the sale of ecstasy, for the purpose of laundering UCA-1's funds.

9. It was further part of the conspiracy that members of the conspiracy, on behalf of UCA-1, purchased a vehicle for an amount in excess of $10,000, without placing the vehicle in UCA-1's name and without filing Form 8300.

10. It was further part of the conspiracy that members of the conspiracy structured and attempted to structure wire transfers from bank accounts maintained by members of the conspiracy, so as to avoid triggering a financial institution's obligation to file a Currency Transaction Report.

11. It was further part of the conspiracy that members of the conspiracy conducted and attempted to conduct financial transactions to transfer laundered funds to bank accounts provided by UCA-1.

12. It was further part of the conspiracy that members of the conspiracy would and did conceal, misrepresent, and hide, and cause to be concealed, misrepresented, and hidden, the purpose of acts performed in furtherance of the conspiracy.

### D. Overt Acts

13. In furtherance of the conspiracy and to effectuate its objectives, the following overt acts, among others, were committed within the Middle District of Florida and elsewhere:

   a. On or about June 16, 2011, HEDAR KHLAF met with UCA-1 in Jacksonville, and discussed assisting UCA-1 with laundering proceeds that UCA-1 represented to be from the sale of ecstasy.

   b. On or about March 8, 2012, HEDAR KHLAF met with UCA-1 in Jacksonville, and discussed assisting UCA-1 with the purchase of an automobile with cash represented by UCA-1 to be proceeds from the sale of ecstasy.

   c. On or about May 11, 2012, MANUEL RODRIGUEZ requested that UCA-1 provide UCA-1's driver's license and social security number in order to look into UCA-1's background.

   d. Beginning on or about July 25, 2012, and continuing through on or about January 15, 2013, MANUEL RODRIGUEZ received from UCA-1 a total of $700,000 in cash, which UCA-1 represented to be the proceeds from the sale of ecstasy, so that MANUEL RODRIGUEZ and others could conduct transactions to conceal or disguise the nature, location, source, ownership, and control of the original proceeds.

   e. On or about July 28, 2012, MICHAEL ROUNSVILLE, a sworn law enforcement officer with the Jacksonville Sheriff's Office, did

intentionally access the National Crime Information Center database without authorization and in excess of authorization, to perform a criminal history check of UCA-1 using the driver's license and social security number UCA-1 provided to MANUEL RODRIGUEZ.

 f. On or about August 24, 2012, HEDAR KHLAF and MANUEL RODRIGUEZ did cause and attempt to cause CAPITOL MOTORS LLC to fail to file a report required pursuant to Title 31, United States Code, Section 5331.

 g. On or between September 11, 2012 and September 12, 2012, MOLLIE BASS did knowingly attempt to structure, and aid and abet in the attempt to structure, currency transactions with Vystar Credit Union, using funds provided to RODRIGUEZ by UCA-1.

 h. On or between October 29, 2012 and December 31, 2012, DIANE HARRISON did knowingly structure cash deposits at Navy Federal Credit Union, using funds provided to RODRIGUEZ by UCA-1.

 i. On or about December 13, 2012, ERICK ESTRADA-LOPEZ did conduct currency transactions with Wells Fargo Bank, using funds provided to RODRIGUEZ by UCA-1.

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT TWO
## UNAUTHORIZED COMPUTER ACCESS

### A. Introduction

14. The allegations set forth in Paragraphs 1 through 6 of this Indictment are hereby incorporated by reference as if fully set forth herein.

15. At all times material to this charge, MICHAEL ROUNSVILLE was a sworn law enforcement officer with the Jacksonville Sheriff's Office (JSO).

16. At all times material to this charge, the National Crime Information Center (NCIC) was a national computerized database maintained by the Federal Bureau of Investigation (FBI). The NCIC database collected and maintained records relating to criminal histories of millions of people as well as persons and vehicles sought by law enforcement agencies nationwide. Access to the NCIC database was restricted to law enforcement agencies authorized to access it for law enforcement purposes.

17. At all times material to this charge, state and local law enforcement agencies, including the Jacksonville Sheriff's Office, were permitted under strict guidelines to access the NCIC database for law enforcement purposes. Those law enforcement agencies were required to control access to the NCIC database and to ensure that the NCIC database was accessed only for lawful criminal justice purposes. Law enforcement officers permitted to access the NCIC database were trained regarding the strict requirement for its use.

7

18. Prior to July 2012, MICHAEL ROUNSVILLE was trained on the lawful uses of the NCIC database.

### B. Charge

19. On or about July 28, 2012, in Duval County, in the Middle District of Florida,

MICHAEL ROUNSVILLE,

the defendant herein, did intentionally access the NCIC computer database without authorization and in excess of authorization, and did thereby obtain information from a department and agency of the United States, for the purpose of private financial gain and in furtherance of criminal and tortious acts in violation of the Constitution and laws of the United States and the State of Florida.

All in violation of Title 18, United States Code, Sections 1030(a)(2)(B), 1030(c)(2)(B)(i), 1030(c)(2)(B)(ii), and 2.

## COUNT THREE
## FAILURE TO FILE FORM 8300

### A. Introduction

20. The allegations set forth in Paragraphs 1 through 6 of this Indictment are hereby incorporated by reference as if fully set forth herein.

21. On or about August 24, 2012, HEDAR KHLAF and MANUEL RODRIGUEZ negotiated for the ultimate purchase of a 2007 Cadillac Escalade (VIN:1GYFK63867R200762) for UCA-1.

22. Later on August 24, 2012, UCA-1 provided RODRIGUEZ with $35,000 cash, represented as the proceeds of narcotics sales, as payment for the Cadillac Escalade.

### B. Charge

23. On or about August 24, 2012, in Duval County, in the Middle District of Florida,

> HEDAR KHLAF,
> MANUEL RODRIGUEZ,
> a/k/a "Alex Rodriguez",

the defendants herein, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, did, while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period, cause and attempt to cause CAPITOL MOTORS LLC, a nonfinancial trade or business, to fail to file a report required pursuant to Title 31 United States Code, Section 5331.

All in violation of Title 31, United States Code, Sections 5324(b)(1) and 5324(d)(2), and Title 18, United States Code, Section 2.

## COUNT FOUR
## STRUCTURING

### A. Introduction

24. The allegations set forth in Paragraphs 1 through 6 of this Indictment are hereby incorporated by reference as if fully set forth herein.

25. At all times material to this charge, DIANE HARRISON maintained the following accounts at Navy Federal Credit Union (NFCU): Account Number **2262; Account Number **7106; and Account Number **1579.

### B. Charge

26. As set forth in the chart below ("Schedule A"), on or between October 29, 2012, and December 31, 2012, in Duval County, in the Middle District of Florida and elsewhere,

DIANE HARRISON,

the defendant herein, did knowingly structure currency transactions with one or more domestic financial institutions for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations promulgated thereunder, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

## SCHEDULE A

| Date | Financial Institution | Account No. | Cash Deposit |
|---|---|---|---|
| Monday, October 29, 2012 | NFCU | **2262 | $10,000.00 |
| Tuesday, October 30, 2012 | NFCU | **2262 | $8,000.00 |
| Wednesday, October 31, 2012 | NFCU | **2262 | $10,000.00 |
| Thursday, November 01, 2012 | NFCU | **2262 | $10,000.00 |
| Friday, November 02, 2012 | NFCU | **2262 | $10,000.00 |
| Monday, November 05, 2012 | NFCU | **2262 | $8,000.00 |
| Wednesday, November 07, 2012 | NFCU | **2262 | $8,000.00 |
| Thursday, November 08, 2012 | NFCU | **2262 | $10,000.00 |
| Tuesday, November 13, 2012 | NFCU | **7106 | $8,000.00 |
| Monday, November 19, 2012 | NFCU | **1579 | $10,000.00 |
| Wednesday, December 05, 2012 | NFCU | **7106 | $6,000.00 |
| Monday, December 10, 2012 | NFCU | **2262 | $9,040.00 |
| Tuesday, December 11, 2012 | NFCU | **2262 | $9,380.00 |
| Wednesday, December 12, 2012 | NFCU | **2262 | $8,700.00 |
| Thursday, December 13, 2012 | NFCU | **7106 | $4,000.00 |
| Wednesday, December 26, 2012 | NFCU | **7106 | $5,000.00 |
| Friday, December 28, 2012 | NFCU | **7106 | $8,560.00 |
| Monday, December 31, 2012 | NFCU | **7106 | $7,000.00 |
| | | **Total** | **$149,680.00** |

All in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT FIVE
## STRUCTURING

### A. Introduction

27.    The allegations set forth in Paragraphs 1 through 6 of this Indictment are hereby incorporated by reference as if fully set forth herein.

11

28. At all times material to this charge, MOLLIE BASS maintained Account Number **8230 at Vystar Credit Union (VCU).

29. At all times material to this charge, BRUCE CHILDS maintained Account Number **4854 at Vystar Credit Union (VCU).

30. As set forth in the chart below ("Schedule B"), on or between September 11, 2012, and September 12, 2012, MOLLIE BASS and BRUCE CHILDS went together to Vystar Credit Union in Jacksonville to conduct and attempt to conduct the transactions set forth in Schedule B.

### B. Charge

31. As set forth in Schedule B, on or between September 11, 2012, and September 12, 2012, in Duval County, in the Middle District of Florida,

MOLLIE BASS,
BRUCE CHILDS,

the defendants herein, did knowingly structure and attempt to structure currency transactions with one or more domestic financial institutions for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations promulgated thereunder.

## SCHEDULE B

| Date | Financial Institution | Account No. | Transaction |
|---|---|---|---|
| Tuesday, September 11, 2012 | VCU | **8230 | $9,935 cash deposit |
| Wednesday, September 12, 2012 | VCU | **4854 | $9,935 cash deposit |
| Wednesday, September 12, 2012 | VCU | **8230 | $9,900 wire transfer request from account **8230 to UCA-1's account |
| Wednesday, September 12, 2012 | VCU | **4854 | $9,900 wire transfer request from account **4854 to UCA-1's account |

All in violation of Title 31, United States Code, Section 5324(a)(3), and Title 18, United States Code, Section 2.

## COUNT SIX
## MARIHUANA CONSPIRACY

32.  Beginning at least on or about January 15, 2013, and continuing until on or about January 28, 2013, in Duval County, in the Middle District of Florida, and elsewhere,

> MANUEL RODRIGUEZ,
> a/k/a "Alex Rodriguez",
> MOLLIE BASS,
> CHRISTIAN MAGLIANO,

the defendants herein, did knowingly, willfully, and intentionally combine,

conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE

1. The allegations contained in Counts One through Six of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 982(A)(2)(B), Title 18, United States Code, Section 1030(i), Title 31, United States Code, Section 5317(c)(1) and Title 21, United States Code, Section 853.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

3. Upon conviction of a violation of Title 18, United States Code, Section 1030, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

4. Upon conviction of a violation of Title 31, United States Code, Section 5324, or any conspiracy to commit such violation, the defendants shall forfeit to the United States of America, pursuant to Title 31, United States Code, Section 5317(c)(1), all property, real or personal, involved in the offense and any property traceable thereto.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 31, United States Code, Section 5317(c).

        A TRUE BILL,

        *Susanna Vance*
        Foreperson

A. LEE BENTLEY, III
United States Attorney

By: *D. Robinson*
DIIDRI W. ROBINSON
Assistant United States Attorney

By: *Julie Hackenberry*
JULIE HACKENBERRY
Assistant United States Attorney
Chief, Jacksonville Division

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

HEDAR KHLAF, et al

## INDICTMENT

Violations:

18 U.S.C. §§ 1956(a)(3)(B), 1956(h), and 2
18 U.S.C. §§ 1030(a)(2)(B), (c)(2)(B)(i), (c)(2)(B)(ii), and 2
31 U.S.C. §§ 5324(b)(1) and 5324(d)(2), and 18 U.S.C. § 2
31 U.S.C. § 5324(a)(3)
31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2
21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C)

A true bill,

*Susanna Vance*

Foreperson

Filed in open court this 27 day

of May, 2015.

Clerk *Angela Lun chen, Deputy Clerk*

Bail  $

GPO 863 525