**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NUMBER: 3:15-CR-00070-MMH-MCR**

**UNITED STATES OF AMERICA**

Plaintiff,

**v.**

**CHRISTIAN MAGLIANO,**

Defendant.
______________________________/

**OBJECTIONS/RESPONSES TO REPORT AND RECOMMENDATION (Doc. 222)**

**COMES NOW** the Defendant, CHRISTIAN MAGLIANO, by and through undersigned counsel and pursuant to Federal Rule of Procedure 59, 28 U.S.C. § 636(b)(1), M.D. Fla. R. 6.02(a), and hereby files his Objections to the Report and Recommendation (Doc. 222) that his Motion to Suppress (Doc. 180) be Denied.

**PROCEDURAL HISTORY**

1. On or about May 27, 2015 Mr. Magliano was indicted and charged with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).
2. On June 30, 2016 undersigned counsel filed his Motion seeking suppression of evidence seized when the vehicle Mr. Magliano was traveling was seized and subsequently searched by law enforcement outside of Reno, Nevada.
3. The Honorable Monte C. Richardson held an evidentiary hearing on July 25, 2016

where the government called Nevada State Trooper, Jason Phillips, to testify and admitted a single video (by stipulation of the parties) into evidence.

4. Following the hearing, the government filed supplemental authority (Docs. 199 & 207), and the Defendant filed his supplemental authority thereafter (Doc. 200).

5. A transcript of the proceedings was filed on August 2, 2016.

6. Magistrate Judge Monte C. Richardson filed his Report and Recommendation (Doc. 222) on September 13, 2016 recommending that Defendant's Motion be DENIED.

7. Pursuant to Federal Rule of Procedure 59, 28 U.S.C. § 636(b)(1), M.D. Fla. R. 6.02(a), this Response/Objection follows in order to preserve the issue for review. *See*, Fed. R. Crim. P 59(b)(2) (Failure to object in accordance with this rule waives a party's right to review).

## RESPONSES/OBJECTIONS

**Evidence Presented at the Hearing:**

8. Undersigned believes that the summary provided in Judge Richardson's Report and Recommendation (Doc. 222) of the testimony of Trooper Phillips and the video is an accurate account of the evidence presented at the hearing and does not specifically object to the contents; however, would point out the following:

- Trooper Phillips questions Rodriguez (driver) about where they were coming from prior to even reviewing a copy of the registration provided by Rodriguez and before he is asked to step out of the vehicle
- At 16:20 into the video (approximately 15 minutes later into the stop), Trooper

Phillips sends Mr. Rodriguez on his way and then sates "hey, Manuel, do you mind if I ask you something, man?"[1]

**Analysis: Independent, Reasonable Suspicion Existed to Detain the Defendant**

9. **Objection:** Undersigned counsel respectfully objects and relies on his Motion to Suppress (Doc. 180) and Supplemental filing (Doc. 200) arguing that no independent, reasonable suspicion existed to detain the defendant, and further, that the detention exceeding the purpose of the traffic stop and no new additional facts were learned during the alleged consensual encounter that justified the continued detention and ultimate dog sniff search. The sniff was the "product of an unconstitutional seizure" during the "traffic stop [that was] unreasonable prolonged before the dog [was] deployed," *Alexander*, 448 F. 3d at 1016 (8th Cir. 2006); *see also* 4 Wayne R. LaFave, *Treatise on Search and Seizure* 9.3(b) (5th ed. 2012) ("A traffic stop that has been turned into a drug investigation via… questioning about drugs, grilling about the minute details about the travel plans, seeking consent for a full roadside exploration of the motorist's car, or parading a drug dog around the vehicle [] is a far cry from a straightforward and unadorned traffic stop . . . ") And when the extended seizure '"enable[s] the dog sniff to occur,"' suppression may properly follow. *United States v. Peralez*, 526 F. 3d 1115, 1121 (8th Cir. 2008) (quoting Caballes, 543, U.S. at 408)." *State v. Beckham*, 129 Nev. Adv. Rep. 51, 305 P. 3d 912 (2013), citing *Lisenbee*, 116 Nev. At 1129, 13 P. 3d at 951 (quoting *State v. Stinett*, 104 Nev. 398, 401, 760 P.2d 124, 126 (1998). The government

1 Trooper Phillips also testified that he is approximately 6′6″ tall and weighed over 200lbs. Although his comment appears to be an invitation to have an additional conversation, your average citizen would feel compelled to answer additional questions from this law enforcement officer.

should not benefit from evidence and deputy obtained through a clear violation of the individual's Fourth Amendment rights.

**Analysis: Trooper Phillips's Questions Were Permissible**

10. **Objection:** Undersigned counsel respectfully objects and relies on his Motion to Suppress (Doc. 180) and Supplemental filing (Doc. 200) arguing that the traffic stop went on for more than 20 minutes and no independent probable cause existed to necessarily question the driver beyond the scope of the traffic stop; hence, Trooper Phillips' questions were not permissible. There was also time for Trooper Phillips to have his dog circle the vehicle during the time of the traffic stop as set forth in *Illinois v. Caballes* (supra). In addition, the Nevada Supreme Court has upheld a dog sniff that occurs after the traffic stop is completed cannot be justified. *State vs. Beckman*, 129 Nev. Adv. Rep.51 305 P.3d 912 (July 2013). In our case, although the dog(s) was available the deputy waited until after he completed the traffic stop, issued his warning, told Mr. Rodriguez he was free to leave., before further detaining Mr. Rodriguez to conduct the dog sniff. There is no legal basis for the continued detention and the search must be suppressed. The subsequent search warrant does not cure the illegal detention and violation of Mr. Magliano's right to be free unreasonable search and seizures pursuant to the United States Constitution and the Fourth Amendment.

**WHEREFORE**, Christian Magliano, by and through undersigned counsel, hereby respectfully objects to the Report and Recommendation (Doc. 222) to deny Defendant's Motion to Suppress (Doc. 180).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 26th, 2016,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

**RESPECTFULLY SUBMITTED BY:**

**Law Offices of Frank Andrew Prieto, P.A.**
1 Northeast 2nd Ave. Suite 200
Miami, FL 33132
Phone: 305-577-3440
Fax: 305-358-2503
Florida Bar No.: 0514071
frank@frankprietolaw.com

By: **/s/ Frank Andrew Prieto**
Frank A. Prieto, Esq.