**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 3:15-CR-70-J-34MCR**

**MICHAEL ROUNSVILLE**
**___________________________/**

## MOTION FOR NEW TRIAL

Defendant, Michael Rounsville, by counsel and pursuant to Federal Rule of Evidence 33, submits this Motion for New Trial with supporting memorandum. In support of this motion, Defendant states the following:

Defendant was charged in Count II of a multiple count, multiple defendant Indictment with accessing a law enforcement computer database without authorization or in excess of authorization, in violation of 18 U.S.C. §1030(a)(2)(B) and (c)(2)(B). The Defendant's case went to trial on November 7th, 2016. The government called two main "fact" witnesses who testified about their observations and interaction with the Defendant.

Defendant was a police officer with approximately 16 years at the Jacksonville Sheriff's Office. He worked in an off duty capacity as a police officer offering security for the nightclub "Aqua." Aqua was partially owned and operated by Hedar Khlaf, who was charged in the same indictment as the Defendant.

## TESTIMONY OF ALEX RODRIGUEZ

Witness Alex Rodriguez testified that he was told by Hedar Khlaf to have the Defendant "check out" an undercover agent with the alias, "Chad Cooper". Mr. Rodriguez testified that he approached the Defendant in the Club Aqua and showed Defendant the undercover agent's personal information on his cell phone. Alex Rodriguez testified that he did not know what the Defendant did with the information, but he waited for Hedar Khlaf to tell him that "Chad Cooper" checked out and then Mr. Rodriguez was willing to accept $100,000 from "Chad Cooper" for the purpose of illegally laundering the money.

The Government presented uncontradicted evidence that Mr. Rodriguez accepted the $100,000 from "Chad Cooper" on July 25th, 2012. The Government also presented uncontradicted evidence that Defendant ran the name "Chad Cooper" through NCIC on July 29th, 2012. This timeline directly impeached Mr. Rodriguez's testimony. Furthermore, Mr. Rodriguez told "Chad Cooper" on May 11th, 2012 that "Chad Cooper" checked out and Alex Rodriguez began discussion about engaging in criminal activity with "Chad Cooper" well before July 29th, which was the sole occasion that Defendant ran the name "Chad Cooper" through NCIC.

Alex Rodriguez also testified that he later drove to an overpass near Arlington Expressway and handed the Defendant an envelope with cash to the Defendant at the request of Hedar Khlaf. Mr. Rodriguez testified that Mollie Bass was present during this exchange. Alex Rodriguez also testified that was the only time that he and Mollie Bass met with the Defendant near that Arlington overpass.

Alex Rodriguez also testified that Hedar Khlaf "gave" a motorcycle to Defendant as payment for running names. However, Mr. Rodriguez testified that he was not present when Defendant actually acquired the motorcycle and therefore would not be in a position to know whether Defendant paid Hedar Khlaf for the motorcycle, while outside Mr. Rodriguez's presence.

## MOLLIE BASS TESTIMONY

Mollie Bass impeached Alex Rodriguez by testifying that she was not with Mr. Rodriguez during an exchange where Mr. Rodriguez handed Defendant an envelope filled with cash. Ms. Bass testified that she was with Mr. Rodriguez when Mr. Rodriguez showed Defendant the information on "Chad Cooper" on his cell phone to check "Chad Cooper" out. This testimony also is impeached and impeaches the testimony of Alex Rodriguez, who testified that this did not happen. Both Alex Rodriguez and Mollie Bass testified that they were alone together before they testified.

## DETECTIVE BENNETT TESTIMONY

Detective Casey Bennett with the Jacksonville Sheriff's Office testified that he was the first law enforcement officer to interview Alex Rodriguez. He also testified that he told Alex Rodriguez that he could receive a reduced sentence by giving law enforcement information on "criminal activity." Detective Bennett testified that he asked Mr. Rodriguez about "dirty cops" that work up at Aqua running names. Thus, Detective Bennett planted the idea of "dirty cops at Club Aqua" in Mr. Rodriguez's head. Detective Bennett testified that Mr. Rodriguez stated that there were three police officers that worked at Aqua who ran names for money. This is consistent with Detective Bennett using the term "dirty cops" in the

plural. This statement was completely inconsistent with Mr. Rodriguez's trial testimony that the only police officer he knew ran names for money was Defendant. Mr. Rodriguez clearly changed his testimony to fit with the Government's theory of the case. Detective Bennett also testified that Mr. Rodriguez did not mention giving a white envelope with cash to Defendant during this interview. Mr. Rodriguez added this testimony at trial.

The testimony of Alex Rodriguez and Mollie Bass contained so many inconsistencies and vague statements that did not connect the dots between Defendant running the name "Chad Cooper" and Defendant acting in excess of his authority or running the name in exchange for financial gain or to further a criminal or tortious act. The Government simply proved that Defendant ran the name "Chad Cooper." Neither Alex Rodriguez, nor Mollie Bass, testified to specific dates, times, or observations that connect Defendant's running the name "Chad Cooper" to acting in excess of his authorization or to further a criminal or tortious act or for financial gain.

## MEMORANDUM OF LAW

Federal Rule of Criminal Procedure 33 provides that, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The court may make credibility findings and weigh the evidence to reach this determination. *United States v. Martinez*, 763 F.2d 1297 (11th Cir. 1985). In order to grant a motion for new trial based on the insufficiency of the evidence, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1297.

The testimony of Alex Rodriguez and Mollie Bass contradicted each other and were contradictory within their own previous statements. Both witnesses had great incentive to

testify that Defendant engaged in criminal conduct in order to reduce their own sentences. Both witnesses had ample opportunity to mold their testimony to the theory of the prosecution. Neither witness was able to testify with any specific detail on dates, times, or observations. Neither witness testified that Defendant specifically ran the name "Chad Cooper" in exchange for the white envelope of cash or in exchange for a motorcycle. Based on the foregoing, the Defendant respectfully requests that the Court grant this Motion for New Trial in the interests of justice, as the evidence was insufficient to support a finding of guilt.

## CONCLUSION

Wherefore, the Defendant respectfully requests this Court grant his motion for new trial in the interests of justice, pursuant to Federal Rule of Criminal Procedure 33.

Respectfully submitted,

/s/ Jeremy Lasnetski
Bar No. 0512524
Attorney for Defendant
6550 St. Augustine Rd., Ste. 303
Jacksonville, Florida 32217
Telephone: (904) 642-3332
Facsimile: (904) 685-4580
Email: Jeremy@slgattorneys.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of November, 2016, I filed electronically a true copy of the foregoing. All parties received notice of this filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Jeremy Lasnetski
Jeremy Lasnetski,Esquire